UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| JIMMIE ALAN LANE | ) | Case No. 09-38211-DOT |
| | ) | |
| Debtor | ) | Chapter 7 |
| ------------------------------- | ) | ------------------------------- |
| | ) | |
| TERESA G. CAVINESS, | ) | |
| Individually and as Trustee in Dissolution | ) | |
| for Metis/America Marketing, Inc. | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Adversary Proceeding |
| | ) | |
| JIMMIE ALAN LANE | ) | No. _____ |
| | ) | |
| Defendant | ) | |
| | ) | |

**COMPLAINT**

Teresa G. Caviness ("Ms. Caviness" or "Trustee in Dissolution") individually and as trustee in dissolution for Metis/America Marketing, Inc. ("Metis"), a Virginia corporation, by counsel, under 11 U.S.C. Section 523 and Fed. R. Bankr. P. 4007 and 7001, as her complaint against Jimmie Alan Lane ("Mr. Lane" or the "Debtor") to determine the dischargeability of certain indebtedness of Mr. Lane to Metis/America Marketing, Inc., respectfully alleges:

**JURISDICTION**

1.  This Court exercises subject matter jurisdiction over this cause under 28 U.S.C.

W. R. Baldwin, III (VSB #16988)
W. Reilly Marchant (VSB #18591)
Marchant, Thorsen, Honey, Baldwin & Meyer, LLP
5600 Grove Avenue
Richmond, VA 23226
((804) 285-3888 (voice)
(804) 285-7779 (fax)
Counsel for Teresa Caviness, Trustee in Dissolution
for Metis/America Marketing, Inc.

§1334 and this adversary proceeding is a "core proceeding" under, *inter alia,* 28 U.S.C. § 157(b)(2)(I).

3. This adversary proceeding is filed within 60 days of the date first set for the meeting of creditors herein.

## PARTIES

4. The Debtor, Jimmie Alan Lane, during the period 2003 through 2009 was an officer and director of Metis/America Marketing, Inc. ("Metis"), holding the positions of corporate secretary and "managing director." A true copy of the 2009 Metis annual report as filed with the Virginia State Corporation Commission and published to the World Wide Web is attached as Exhibit A. Lane signed this report. Lane also is a shareholder of Metis. Lane resigned as an officer and director of Metis on October 27, 2009. As an officer and as a director of Metis he owed Metis a fiduciary duty under Virginia law.

5. Metis is a Virginia corporation in dissolution formerly conducting business at 2211 Dickens Road, Suite 300, Richmond, VA 23230.

4. Teresa Caviness at all times material hereto has been president of Metis as well as a director and, like Mr. Lane, a "managing director." Ms. Caviness is proceeding herein individually only as to that certain loan of $8,000 made by her to Mr. Lane on or about April 3, 2009 as appears more particularly hereinafter.

5. By order of the Circuit Court of the City of Richmond Virginia, entered December 18, 2009 in Case No. CL09-4278 (true copy of which is attached as Exhibit B) , that court dissolved Metis and appointed Ms. Caviness trustee in dissolution of Metis.

## VENUE

6. Venue is laid in this court under 28 U.S.C. § 1409(a).

# FACTS

7.  On March 7, 2007 Metis entered into a $350,000 maximum principal loan agreement with Wachovia Bank, N.A. (the "Wachovia Loan"). Pursuant thereto, Metis, acting by Ms. Caviness as "President" and Mr. Lane as "Vice President" made and delivered a $350,000 face amount note to Wachovia. A true copy of this Note is attached as Exhibit C.

8.  Pursuant to the Wachovia Loan, Ms. Caviness and Mr. Lane made and delivered guaranty agreements to Wachovia, true copies attached as Exhibit D.

9.  At and before entering into the Wachovia Loan, Metis had opened and maintained a deposit account with Wachovia (the "Metis Wachovia Account"), such account ending with number 3512.

10. At a time and date unknown in 2007, upon information and belief on or before August 15, 2007, Mr. Lane decided to take advantage of his position with Metis and his position as an authorized signatory to the Metis Wachovia Account to loot and damage the company by stealing and embezzling its money for his personal advantage.

11. Pursuant thereto, during the period August 15, 2007 through October 16, 2009, Lane in more than seventy separate transactions embezzled and withdrew from the Metis Wachovia account not less than $108,049.82 for Lane's personal use and advantage. None of these withdrawals were done with the consent or knowledge of Metis and in effecting these withdrawals Lane was acting on and for his own account and contrary to the interests of Metis.

12. A summary of the dates and amounts of such withdrawals from the Metis Wachovia Account as presently known to Metis is attached as Exhibit E.

13. Details of these transactions, to include true copies of checks and other documentation after the redaction of account information shown thereon are attached as Exhibit

F.

14. On April 3, 2009, Lane requested that Ms. Caviness lend him the sum of $8,000 for personal expenses. Lane at this time represented to Ms. Caviness that he needed the funds for personal purposes and that he would repay the loan in the near future. Ms. Caviness agreed to Lane's request and lent Lane the sum of $8,000 per check, true copy (after redaction of account information) attached as Exhibit G. Although the check to Lane was requested by him as a loan, and although the check to Lane from Ms. Caviness bears the comment "Loan," Lane in his schedules filed herein lists Ms. Caviness as the holder of a $1.00 disputed unliquidated unsecured claim as follows:

| ACCOUNT NO.<br>Teresa Caviness<br>4914 Cary Street Road<br>Richmond, VA 23226 | H | 2003<br>Business Dispute Claim(s) | X | X | 1.00 |
|---|---|---|---|---|---|

Lane's characterization of his obligation to Ms. Caviness as aforesaid was in bad faith.

15. At the time Lane requested and received the foregoing $8,000 loan from Ms. Caviness, he had embezzled from Metis and had received unauthorized withdrawals from the Metis Wachovia Account in the approximate sum of $67,744.78 in some 68 separate transactions, of which Ms. Caviness had no knowledge. Lane intentionally concealed from Ms. Caviness the foregoing $67,744.788 in embezzled funds.

16. In or about May, 2009, Ms. Caviness was diagnosed with a serious illness which subsequently required treatment and her absence from day to day responsibilities at Metis.

17. On or about June 12, 2009 Ms. Caviness discovered the foregoing unauthorized withdrawals from the Metis Wachovia Account. Attorney Robert B. Smith, III, counsel for Metis, confronted Mr. Lane regarding the unauthorized withdrawals by telephone on June 15th, 2009.

Lane admitted his actions to Mr. Smith. Lane admitted the money had been withdrawn without the knowledge of Ms. Caviness and on June 15, 2007 sent Ms. Caviness the following email:

> From: Jim Lane
> Sent: Monday, June 15, 2009 5:09 PM
> To: Teresa Caviness
> Subject: I'm Sorry
>
> Teresa,
> I'm sincerely sorry for not coming to you regarding the advances. It was never my intention not to tell you about them and not to repay them. They are right there in the open on the bank statements. I was wrong to not come to you to tell you. I'm embarassed and ashamed.
>
> I am also deeply sorry that you have to worry about this now. I'm praying for you, and what I know will be a successful surgery and your full recovery. I understand if you cannot forgive me. I understand if you cannot trust me.
>
> Please, call me when you are ready. I'm heartsick about disappointing you, particularly at this time. If you want out, we'll figure out how to do it without hurting your personal credit but in order to do that I/we have to try to save the business long enough to get you clear of it.
> Jim
>
> Jim A. Lane
> Metis/America Marketing
> 2211 Dickens Road Suite 300
> Richmond, VA 23230
>
> (804) 521-2927 Direct Line
> (804) 285-2059 Fax
> email: jlane@metisamerica.com

      18.     Lane followed up this email with another email sent to Ms. Caviness on June 16, 2009, copied to Robert B. Smith, III, Esq., corporate counsel for Metis, as follows (highlighting added later):

> From: Jim Lane
> Sent: Tuesday, June 16, 2009 11:12 AM
> To: Teresa Caviness
> Cc: 'rsmith@rbsmithlaw.com'
> Subject: Status
>
> Teresa,
>
> I see in fact that you did take most of the checking account funds for the AmEx payment. Just an FYI-so far we are overdrawn by $3,757.38. Representing 2 of the checks to vendors I referred to yesterday that were paid by Wachovia. (ICM and CMS.) I anticipate they will return the remaining checks including the U S Postmaster check for Lendmark mail. Also, I do not have the money, nor the means to pay Anthem Healthkeepers for June. I would like to work out a resolution to this as soon as possible. If I am to be in a position to repay you then we need to keep the customers and vendors that we have.
>
> Please advise. Jim

      19.     Although Lane represented to Ms. Caviness that he held friendship to her, regret

for his actions and a desire to work to repay his obligations to Metis "without hurting your [Ms. Caviness's] personal credit," such representations were intentionally false and fraudulent and were intended by Lane to play on Ms. Caviness to cause her to allow Lane to continue his employment with Metis notwithstanding Lane's actions toward Metis as then known and Lane's then intentions with respect to Lane's future conduct.

20. On June 22, 2009, five days after Ms. Caviness underwent surgery for her illness and a week after expressing that he was "sincerely sorry" for his actions with respect to the Metis Wachovia Account and his intention to "save the business long enough to get you clear of it," meaning Ms. Caviness's personal obligations relating to Metis including her guaranty for the Metis Wachovia Loan, Lane opened a new deposit account for Metis at Branch Banking & Trust Company (the "BB&T Account") per Resolution and Agreement for Deposit Account attached as Exhibit H. The last 4 digits of this account are 3039. Lane executed such resolution purportedly for Metis, when in fact no such permission had been given by Metis and Metis and Ms. Caviness had no knowledge thereof. In connection with opening the BB&T account Lane falsely represented to BB&T his was the president and CEO of Metis. Additionally, after opening the account Lane directed BB&T to send all account statements to Lane's home address and not to any address used by Metis, in order to keep the existence of this account secret from Ms. Caviness.

21. Lane kept the opening of the Unauthorized BB&T Account secret from Metis and Ms. Caviness and proceeded to use such account to continue his looting of Metis. By way of illustration and not limitation, Lane commenced to deposit Metis's funds into the BB&T account with the intention of using such funds for Lane's personal use and benefit and depriving Metis of the use and benefit of such funds.

22.     Pursuant to this scheme, Lane embezzled from Metis and deposited into the BB&T Account Metis's funds in the amount of $53,919.84 in July, 2009, $44,493.72 in August, 2009, $65,810.94 in September, 2009, and nothing in October, 2009, for total unauthorized deposits into the BB&T account of $164,224.50. A summary of the dates and amounts of withdrawals made by Lane are included in the attached Exhibit I; details of these transactions to include debit card transactions are included in the attached Exhibit J (with redactions of account numbers).

23.     On or about October 8, 2009 Ms. Caviness learned of Lane's unauthorized creation of the BB&T Account and proceeded to close such account and transfer the funds remaining therein to the Metis Wachovia Account. Lane then proceeded to open yet another account, this one at Bank of America, of which Ms. Caviness also learned and subsequently closed.

24.     During the period June through October, 2009 Mr. Lane spent from the BB&T Account for his personal use and benefit and contrary to his duties to Metis the sum of not less than $105,710.66.

25.     Lane additionally collected funds in an amount unknown due to Metis directly from Metis's customers without accounting therefor to Metis.

### COUNT I
### (11 USC. § 523(a)(2))
### (Teresa Caviness Individually)

26.     The allegations of paragraphs 1-25 are incorporated by this reference and are repleaded.

27.     In obtaining the $8,000 loan from Ms. Caviness, Lane committed actual fraud and made false representations. By way of illustration he:

      a.    misrepresented the purposes for which he wished to borrow such money and

      b.    fraudulently concealed from Ms. Caviness the $67,744.78 in funds he then had stolen, embezzled and wrongfully taken from the Metis Wachovia Account, knowing that such facts were material to Ms. Caviness and that she was acting on the assumption that such facts did not exist.

28.    Ms. Caviness justifiably relied on Lane's representations and on the non-existence of the information fraudulently concealed by Lane as aforesaid.

29.    Lane's fraud as aforesaid damaged Ms. Caviness in the sum of $8,000.

## COUNT II
### (11 USC §523(a)(4))
### (Teresa Caviness as Trustee for Metis)

30.    The allegations of paragraphs 1-25 are incorporated by this reference and are repleaded.

31.    At all times material hereto Mr. Lane had and held fiduciary duties to Metis.

32.    Mr. Lane's actions in taking not less than $108,049.82 from the Metis Wachovia Account as aforesaid, depositing not less than $164,224.50 in Metis funds to the BB&T Account as aforesaid and in taking for his personal use and benefit not less than $105,710.66 from the BB&T account as aforesaid constituted fraud and defalcation while acting in a fiduciary capacity, embezzlement and larceny from Metis, in the total sum of not less than $272,000.

## COUNT III
### (11 USC §523(a)(6)
### (Teresa Caviness as Trustee for Metis)(

33.    The allegations of paragraphs 1-25 are incorporated by this reference and are repleaded.

34. Mr. Lane's actions in taking not less than $108,049.82 from the Metis Wachovia Account as aforesaid, depositing not less than $164,224.50 in Metis funds to the BB&T Account as aforesaid and in taking for his personal use and benefit not less than $105,710.66 from the BB&T Account were all intentional actions by him and were willful and malicious.

35. Lane's actions in taking not less than $108,049.82 from the Metis Wachovia Account as aforesaid, depositing not less than $164,224.50 in Metis funds to the BB&T Account as aforesaid and in taking for his personal use and benefit not less than $105,710.66 from the BB&T Account damaged Metis by in effect killing Metis's ability to conduct business and caused Metis to be unable to repay its loan from Wachovia. A true copy of letter from Wachovia's counsel dated February 19, 2010 demanding payment of the sum of $350,000 is attached as Exhibit K.

36. As a result of the actions of Lane aforesaid, Metis is unable to repay its loan from Wachovia.

37. The actions of Lane with respect to Metis as aforesaid were and constituted willful and malicious injury by him to Metis and damaged Metis in the sum of not less than $350,000, the sums owed by Metis to Wachovia.

38. The actions of Lane with respect to Metis as aforesaid were and constituted willful and malicious injury by him to the property of Metis, to-wit the $272,000 or such other sum embezzled by him from Metis and used for his individual purpose and benefit.

39. The actions of Lane as aforesaid justify the imposition of punitive damages.

WHEREFORE, premises considered,

    1. Teresa Caviness individually demands judgment against Jimmie Alan Lane in the sum of $8,000.00 with interest thereon after judgment at the rate then established by

28 U.S.C. § 1961, that such judgment and indebtedness be determined to be excepted from any discharge that may be entered in favor of Jimmie Alan Lane in the underlying bankruptcy case and that that she recover such other relief, to include costs, as the Court deems proper and

        2.        Teresa Caviness as Trustee in Dissolution for Metis/America Marketing, Inc., demands judgment against Jimmie Alan Lane in the compensatory sum of not less than $350,000.00 or such other amount as is justified by the evidence, together with punitive damages of $350,000 or such other amount as is justified by the evidence, and that such judgment and indebtedness be determined to be excepted from any discharge that may be entered in favor of Jimmie Alan Lane in the underlying bankruptcy case and that she recover such other relief, to include costs, as the Court deems proper.

Dated: March 25, 2010                TERESA CAVINESS
                                        Individually and as Trustee in Dissolution for
                                        Metis/America Marketing, Inc.

                                By:      /s/ W. R. Baldwin, III
                                              Of Counsel

W. R. Baldwin, III (VSB #16988)
W. Reilly Marchant (VSB #18591)
Marchant, Thorsen, Honey, Baldwin & Meyer, LLP
5600 Grove Avenue
Richmond, VA 23226
Voice: (804) 285-3338
Fax: (804) 285-7779
Counsel for Teresa Caviness, Individually and as Trustee in Dissolution